IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,613-01 & -02






EX PARTE CARLTON ONEAL POPE, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. W04-71050-R(A) & W02-54954-R(A) IN THE


265TH DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated robbery
and sentenced to 28 years' imprisonment. The Fifth Court of Appeals dismissed his appeals. Pope v.
State, Nos. 05-04-807-CR and 05-04-808-CR (Tex. App. - Dallas, delivered September 15, 2005, no
pet.).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because she
did not obtain an alibi witness and another witness, a neighbor of the complainant who would have testified
that no offense occurred at the time and place alleged, such that Applicant was coerced into pleading guilty
to an offense he did not commit. Counsel has submitted an affidavit that her investigator was unable to
locate anyone who could verify Applicant's statement of facts, but does not specifically address whether
Applicant advised her of these alleged witnesses, whether they were located, or what they might have
testified. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. The trial court
shall provide Applicant's trial counsel with another opportunity to respond to these specific allegations in
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to a brief summary of what evidence the State
proposed to offer if Applicant had not pled guilty; whether Applicant told his trial attorney about the
witnesses he now alleges were not called; and why these witnesses could not be located or what their
testimony would have been. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 31, 2007

Do not publish